**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION**

CASE NO.

MARILYNN PERRY,
a citizen and resident of Louisiana,

Plaintiff,

vs.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, MARILYNN PERRY, a citizen and resident of Louisiana, hereby sues Defendant, CARNIVAL CORPORATION, with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES ("Defendant CARNIVAL"), and alleges the following:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, MARILYNN PERRY, is a resident and citizen of Louisiana, and is otherwise *sui juris*.

3. Defendant, CARNIVAL, is an American corporation with its principal place of business in Miami-Dade County, Florida. Defendant CARNIVAL is a citizen of Florida for purposes of determining subject matter jurisdiction over this action.

4. At all material times Defendant CARNIVAL CORPORATION, was operating under

the fictious name “CARNIVAL CRUISE LINES” (“CARNIVAL”).

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. Plaintiff is a resident and citizen of California, while Defendant is a citizen of Florida. The damages and injuries suffered by Plaintiff support an award of damages in excess of $75,000.00, exclusive of interest and costs.

6. This case also has admiralty subject matter jurisdiction pursuant to 28 .S.C. § 1333 since the accident occurred on a cruise ship in open waters and has the potential to impact maritime commerce.

7. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

8. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for fare paying passengers, including the Plaintiff.

9. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

10. Venue is also proper in this district because the Defendant’s principal places of business is located within this district.

11. Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant with timely notice as required by the ticket contract.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

12. At all material times, Defendant CARNIVAL was engaged in the business of

operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the “CARNIVAL CELEBRATION”.

13. On November 22, 2023, Plaintiff was a fare paying passenger aboard the “CARNIVAL CELEBRATION” and in that capacity was lawfully present aboard the vessel.

14. On November 22, 2023, Plaintiff was walking in a show room to take pictures where she tripped over a prop that had been left on the floor, causing her to fall and suffer injuries.

**COUNT I – NEGLIGENCE**

15. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

16. At all material times, Defendant CARNIVAL owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain its vessel, including the floor surface in the area where Plaintiff tripped and fell, in a reasonably safe condition.

17. On November 22, 2023, Defendant breached its duty in that it failed to pick up all showroom props from the showroom floor, causing plaintiff to fall and suffer serious injuries.

18. At all material times hereto, Defendant had constructive knowledge that its showrooms had the propensity to be dangerous, being that it had several props on the floor after a performance, and that its passengers would walk up to take pictures after said performances.

19. Despite having constructive knowledge of the dangerous condition within said showrooms, the Defendant failed to ensure that all props were safely stored and not left on the floor.

20. That as a direct and proximate result of the negligence of the Defendant, the Plaintiff, MARILYNN PERRY suffered injuries in and about his body and extremities, suffered pain therefrom, physical handicap, loss of earnings, impairment of earning ability, suffered an

aggravation of a pre-existing condition causing same to become progressive and worse, incurred medical expense in the treatment of said injuries, suffered permanent disability and disfigurement, physical and mental pain and suffering, suffered the inability to enjoy a normal life; said injuries are permanent and/or continuing in nature and said Plaintiff will continue to suffer such injuries, losses, damages and impairments in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: March 19, 2025

**CHALIK & CHALIK, P.A**.
Attorneys for Plaintiff
10063 N.W. 1st Court
Plantation, Florida 33324
Tel.: (954) 476-1000
Fax: (954) 472-1173
Service: litigation@chaliklaw.com

By: /s/ Debi Chalik
DEBI F. CHALIK
Florida Bar No. 179566
Debi@chaliklaw.com